WILSON TURNER KOSMO LLP
ROBIN A. WOFFORD (137919)
ELVIRA CORTEZ (275626)
SUSAN I. HENDERSON (335618)
402 West Broadway, Suite 1600
San Diego, California 92101
Telephone: (619) 236-9600
Facsimile:  (619) 236-9669
E-mail:  rwofford@wilsonturnerkosmo.com
E-mail:  ecortez@wilsonturnerkosmo.com
E-mail:  shenderson@wilsonturnerkosmo.com

Attorneys for Defendant
WALGREEN PHARMACY SERVICES
MIDWEST, LLC

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIFFANY JANE NGUYEN, an individual,<br><br>       Plaintiff,<br><br>   v.<br><br>WALGREEN PHARMACY SERVICES MIDWEST, LLC, an Illinois Company; and DOES 1-50, inclusive,<br><br>       Defendants. | Case No. 8:23-cv-1484<br><br>**DEFENDANT WALGREEN PHARMACY SERVICES MIDWEST, LLC'S NOTICE OF REMOVAL TO THE UNITED STATES DISCTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA PURSUANT TO 28 U.S.C. §§ 1332 AND 1441 (a) AND (b) DIVERSITY**<br><br>[Filed concurrently with Civil Case Cover Sheet and Certification and Notice of Interested Parties]<br><br>Complaint Filed:  July 11, 2023<br>Removed: August 11, 2023 |

-1-    Case No. 8:23-cv-1484

DEFENDANT WALGREEN PHARMACY SERVICES MIDWEST, LLC'S NOTICE OF REMOVAL

**TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA AND TO PLAINTIFF AND HER ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that Defendant Walgreen Pharmacy Services Midwest, LLC ("Walgreens"), hereby removes the state court action, *Tiffany Jane Nguyen v. Walgreen Pharmacy Services Midwest, LLC,* Case No. 20-2023-01335564-CU-OE-CJC (the "Action"), from the Superior Court of the State of California, County of Orange, to the United States District Court for the Central District of California pursuant to 28 U.S.C. §§ 1332 and 1441(a) and (b), on the grounds that: (1) Plaintiff Tiffany Jane Nguyen ("Plaintiff") is a "citizen of a State different from" Walgreens; and (2) "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs."

## PROCEDURAL BACKGROUND

1. On July 11, 2023, Plaintiff filed the Action against Walgreens.

2. Plaintiff alleges the following causes of action against Walgreens: (1) Failure to Engage in Interactive Process in Violation of the Fair Employment and Housing Act ("FEHA"); (2) Failure to Accommodate Disability in Violation of FEHA; (3) Disability Discrimination in Violation of FEHA; (4) Failure to Prevent Harassment, Discrimination or Retaliation in Violation of FEHA; (5) Retaliation in Violation of FEHA; (6) Retaliation in Violation of Labor Code Section 1102.5; (7) Retaliation in Violation of Labor Code Section 6310; (8) Wrongful Termination in Violation of Public Policy; and (9) Failure to Pay Compensation Due Upon Separation.

3. On July 14, 2023, Plaintiff served Walgreens' agent for service of process, Corporation Service Company, with the following documents: (a) Summons; (b) Complaint; (c) Civil Case Cover Sheet; (d) Notice of Hearing Case Management Conference; (e) and Clerk's Certificate of Service by Mail.  A true and correct copy of the Summons to Walgreens is attached hereto as "**Exhibit 1**."  A true and correct copy

DEFENDANT WALGREEN PHARMACY SERVICES MIDWEST, LLC'S NOTICE OF REMOVAL

of the Complaint is attached hereto as "**Exhibit 2**."  A true and correct copy of the Civil Case Cover Sheet is attached hereto as "**Exhibit 3**."  A true and correct copy of the Notice of Hearing Case Management Conference is attached hereto as "**Exhibit 4**."  A true and correct copy of the Clerk's Certificate of Service by Mail is attached hereto as "**Exhibit 5**."

4.    On August 12, 2023, Walgreens filed its answer to Plaintiff's Complaint. A true and correct copy of the Answer is attached as "**Exhibit 6**."

5.    Exhibits 1 through 6 to this Notice of Removal constitute all pleadings, process, and orders served in this action at the time of removal.

## **REMOVAL IS TIMELY**

6.    28 U.S.C. § 1446(b)(1) provides that, "The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based . . ."

7.    This removal has been filed within thirty (30) days after service of the initial pleading on Walgreens on July 14, 2023, setting forth the claims for relief upon which Plaintiff's action is based.  Therefore, this Notice is timely filed under 28 U.S.C. § 1446(b) because it is being filed within the statutory deadline.

## **PLAINTIFF'S COMPLAINT IS SUBJECT TO REMOVAL BASED ON DIVERSITY**

8.    This is a civil action of which this Court has original diversity jurisdiction under 28 U.S.C. § 1332 and is properly removable pursuant to the provisions of 28 U.S.C. sections 1441(a) and (b), because it is a civil action in which the amount in controversy exceeds the sum of $75,000, exclusive of costs and interest, and is between citizens of different states, as set forth below.

**Diversity of Citizenship Exists**

9.    **Plaintiff is A Citizen of California.**  For purposes of determining diversity of citizenship, a person is a "citizen" of the state in which she is domiciled.

DEFENDANT WALGREEN PHARMACY SERVICES MIDWEST, LLC'S NOTICE OF REMOVAL

*Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983).  A person's domicile is the place she resides with the intention to remain or to which she intends to return.  *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001).

10.    Plaintiff alleges that she resides in the State of California.  Complaint, ¶ 1.  Moreover, Plaintiff alleges that she worked for Walgreens, in California, for over two years, from February 2021 to June 6, 2023. Complaint, ¶ 11.  Throughout her entire employment, Plaintiff was employed by Walgreens in California and maintained a residential address in California.  Declaration of Alicia Musgrove ("Musgrove Decl."), ¶ 2.  Therefore, Plaintiff resided in California at the time the action was commenced, for at least two years before that, and intends to remain there.  Moreover, there is a presumption of citizenship in favor of a party's established domicile.  *Tachibana v. Colorado Mountain Dev., Inc*., No. CIV 07-00364SPKBMK, 2007 WL 2916134, at *1 (D. Haw. Oct. 2, 2007), report and recommendation adopted, No. 07-00364 SPK-BMK, 2007 WL 4162857 (D. Haw. Nov. 21, 2007).  As such, Plaintiff is, and at all times since the commencement of this action has been, a resident and citizen of California.

11.    **Defendant Walgreen Pharmacy Services Midwest, LLC is a Citizen of Illinois, Delaware, Louisiana, and New York**.  Courts treat limited liability companies the same as partnerships for diversity jurisdiction purposes and, therefore, look to the citizenship of each member of the company: "[T]he citizenship of an LLC for purposes of the diversity jurisdiction is the citizenship of its members." *Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006).  Unlike a corporation, an LLC is not a citizen of the state in which it was organized unless one of its members is a citizen of that state.  *Siloam Springs Hotel, L.L.C. v. Century Sur. Co.*, 781 F.3d 1233, 1237-1238 (10th Cir. 2015).

12.    At the time of the filing of this action and continuing through the date of this removal, the members of Walgreen Pharmacy Services Midwest, LLC have been Happy Harry's, Inc. ("HHI"), Walgreen Louisiana Co., Inc. ("WLC"), Duane Reade,

DEFENDANT WALGREEN PHARMACY SERVICES MIDWEST, LLC'S NOTICE OF REMOVAL

Inc. ("DRI"), and Bond Drug Company of Illinois, LLC ("BDCI").  (Declaration of Joseph B. Amsbary, Jr. ("Amsbary Decl."), ¶ 2).

13.    At the time of the filing of this action and continuing through the date of this removal, HHI has been a corporation incorporated under the laws of the State of Delaware with its principal place of business in Illinois.  (Amsbary Decl., ¶ 3).  HHI's corporate headquarters are located in Deerfield, Illinois where HHI's officers direct, control and coordinate HHI's activities.  HHI's operations are managed from this location, including, but not limited to, those operations relating to administering company-wide policies and procedures, legal affairs, and general business operations.  (*Id*.)

14.    At the time of the filing of this action and continuing through the date of this removal, WLC has been a corporation incorporated under the laws of the State of Louisiana with its principal place of business in Illinois.  (Amsbary Decl., ¶ 4).  WLC's corporate headquarters are located in Deerfield, Illinois where WLC's officers direct, control and coordinate WLC's activities.  WLC's operations are managed from this location, including, but not limited to, those operations relating to administering company-wide policies and procedures, legal affairs, and general business operations.  (*Id*.)

15.    At the time of the filing of this action and continuing through the date of this removal, DRI has been a corporation incorporated under the laws of the State of Delaware with its principal place of business in Illinois.  (Amsbary Decl., ¶ 5).  DRI's corporate headquarters are located in Deerfield, Illinois where DRI's officers direct, control and coordinate DRI's activities.  DRI's operations are managed from this location, including but not limited to, those operations relating to administering company-wide policies and procedures, legal affairs, and general business operations.  (*Id*.)

16.    At the time of the filing of this action and continuing through the date of this removal, the sole member of BDCI has been Walgreen Eastern Co., Inc.

DEFENDANT WALGREEN PHARMACY SERVICES MIDWEST, LLC'S NOTICE OF REMOVAL

("WEC").  (Amsbary Decl., ¶ 6).  At the time of the filing of this action and continuing through the date of this removal, WEC has been a corporation incorporated under the laws of the State of New York with its principal place of business in Illinois.  (*Id*.)  WEC's corporate headquarters are located in Deerfield, Illinois where WEC's officers direct, control and coordinate WEC's activities.  (*Id*.) WEC's operations are managed from this location, including but not limited to, those operations relating to administering company-wide policies and procedures, legal affairs, and general business operations.  (*Id*.)

17.    Thus, for diversity purposes, Defendant Walgreen Pharmacy Services Midwest, LLC is a Citizen of Illinois, Delaware, Louisiana, and New York.

18.    **The Citizenship of "Doe Defendants" Must Be Disregarded.**  The only other defendants named in Plaintiff's Complaint are fictitious parties identified as Does 1 through 50.  Pursuant to 28 U.S.C. § 1441 (b)(1), the citizenship of the "Doe" defendants is disregarded for removal purposes.

19.    As no defendant is a citizen of California where this action was brought, there is complete diversity allowing removal by Walgreens. 28 U.S.C. § 1441, *et seq*.

### The Amount in Controversy Requirement is Satisfied[1]

20.    Without admitting Plaintiff could recover damages, including civil or statutory penalties, Walgreens asserts that the amount in controversy in this action exceeds $75,000, exclusive of interest and costs.

21.    In cases in which the existence of diversity jurisdiction depends on the amount in controversy, "the district court may consider whether it is 'facially apparent' from the complaint that the jurisdictional amount is in controversy." *Singer v. State Farm Mutual Auto Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997).  The amount in controversy is determined from the allegations and prayer of the complaint. *St. Paul*

---

[1] Walgreens denies any liability whatsoever with respect to Plaintiff's claims.  The sole purpose of this removal is to establish the amount that is in controversy with respect to Plaintiff's claims.

-6-                                    Case No. 8:23-cv-1484

DEFENDANT WALGREEN PHARMACY SERVICES MIDWEST, LLC'S NOTICE OF REMOVAL

*Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938). Defendant need only "provide evidence establishing that it is 'more likely than not' that the amount in controversy exceeds" $75,000. *Guglielmino v. McKee Foods Corp.*, 56 F.3d 696, 699 (9th Cir. 2007). Thus, "[o]nce the proponent of jurisdiction has set out the amount in controversy, only a 'legal certainty' that the judgment will be less forecloses federal jurisdiction." *Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446, 447 (7th Cir. 2005).

22. From the face of the Complaint, Plaintiff seeks to recover past and future lost income, emotional distress damages, exemplary and punitive damages, special damages, and attorneys' fees. Complaint, ¶ 48; Prayer for Relief, at (a), (b), and (c).

23. **Lost Wages.** Walgreens expressly denies that Plaintiff is entitled to recover lost wages. Plaintiff alleges her employment was terminated on or about June 6, 2023. Complaint, at ¶ 11. At the time of her termination, Plaintiff earned an hourly rate of $64.87 and worked an average of 40 hours a week. Musgrove Decl., at ¶ 3. By extrapolating Plaintiff's weekly pay rate of approximately $2,594.80 from June 6, 2023, through the date of this Removal (about 10 weeks), Plaintiff is seeking approximately $25,948.00 in lost wages alone (not including alleged lost benefits or future lost wages) ($64.87/rate x 40/hours x 10/weeks = $29,948.00).

24. **Emotional Distress and Mental Suffering.** Walgreens expressly denies that Plaintiff is entitled to recover emotional distress damages. Plaintiff's complaint seeks more than $500,000 for "emotional distress." Complaint, Prayer for Relief, at (a). Emotional distress damages are properly considered in the amount in controversy for jurisdiction purposes. See, e.g., *Kroske v. US Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005); *Cain v. Hartford Life & Acc. Ins. Co.*, 890 F.Supp.2d 1246, 1250 (C.D. Cal. 2012). Even where economic damages are minimal, a plaintiff's claim for ongoing emotional distress damages can exceed the jurisdictional threshold alone. *See, e.g., Jwekaogwu v. City of Los Angeles,* 75 Cal. App. 4th 803, 821-22 (1999) (affirming emotional distress damages award of over $450,000 on FEHA claim where

-7- Case No. 8:23-cv-1484
DEFENDANT WALGREEN PHARMACY SERVICES MIDWEST, LLC'S NOTICE OF REMOVAL

plaintiff's economic damages were between less than $10,000 and at most $37,500). Therefore, Plaintiff's claim for "emotional distress" alone meets the jurisdictional minimum.

25. **Punitive Damages.** Walgreens expressly denies that Plaintiff is entitled to recover punitive damages. Plaintiff's complaint seeks more than $500,000 for "exemplary and punitive damages." Complaint, Prayer for Relief, at (c). Punitive damages are properly considered in the amount in controversy for jurisdiction purposes. *See Davenport v. Mutual Benefit Health and Accident Ass'n*, 325 F.2d 785, 787 (9th Cir. 1963) (punitive damages must be taken into account where recoverable under state law). "In California, the wealth of the defendant is an important factor in determining the award of punitive damages." *Richmond*, *supra*, 897 F. Supp. at 451. Indeed, other FEHA discrimination cases have resulted in punitive damages awards exceeding the jurisdictional limit. *See, e.g., Weeks v. Baker & McKenzie,* 63 Cal. App. 4th 1128, 1165-67 (1998) (upholding a $3.5 million punitive damages award on a FEHA claim); *Simmons,* 209 F. Supp. 2d at 1033 (citing punitive damages awards in employment discrimination cases ranging from $60,000 to $121,000,000). Therefore, Plaintiff's claim for "exemplary and punitive damages" alone meets the jurisdictional minimum.

26. **Attorneys' Fees.** Finally, Plaintiff also seeks attorneys' fees, which are recoverable by a prevailing plaintiff under the FEHA. Complaint, ¶ 51; Cal. Gov't Code §12965. Walgreens expressly denies that Plaintiff is entitled to recover attorneys' fees. Because attorneys' fees are recoverable under FEHA, in assessing the amount in controversy, both prior and future estimated attorneys' fees are included in the calculation. *Fritsch v. Swift Transportation Co. of Arizona, LLC,* 899 F.3d 785, 794 (9th Cir. 2018). Attorneys' fees are likely to exceed more than $75,000 alone should Plaintiff prevail. *See, e.g., Muniz v. United Parcel Serv., Inc.,* 738 F.3d 214, 227 (9th Cir. 2013) (affirming attorneys' fee award of $697,000 despite recovery of $27,000 on FEHA claim); *Vo v. Las Virgenes Mun. Water Dist.,* 79 Cal. App. 4th 440,

DEFENDANT WALGREEN PHARMACY SERVICES MIDWEST, LLC'S NOTICE OF REMOVAL

446-48 (2000) (affirming attorneys' fee award of $470,000 despite recovery of less than $40,000 on FEHA claims).

27. Based upon the foregoing, the amount in controversy in this action exceeds the jurisdictional minimum of $75,000.

28. For these reasons, this action is a civil action over which this Court has original jurisdiction pursuant to 28 U.S.C. section 1332, and which may be removed to this Court by Defendant pursuant to 28 U.S.C. section 1441 based on diversity jurisdiction.

## THE PROCEDURAL REQUIREMENTS FOR REMOVAL ARE MET

29. Venue is proper when an action is removed "to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a) and § 1446 (a). Plaintiff filed this action in the Superior Court of California, County of Riverside, which sits within the Central judicial district of California. 28 U.S.C. § 84(c)(1). Accordingly, for purposes of Removal, venue lies properly in this District Court.

30. In accordance with 28 U.S.C. § 1446(d), counsel for Walgreens certifies that a copy of this Notice of Removal along with all supporting pleadings will be filed with the Clerk of the Riverside County Superior Court and served on Plaintiff.

31. As required by Federal Rule of Civil Procedure 7.1 and Local Rule 7-1.1, Walgreens concurrently filed their Certificate of Interested Parties.

## CONCLUSION

32. For the foregoing reasons, Walgreens hereby removes the above-entitled action to United States District Court for the Central District of California.

///

///

///

///

///

-9- Case No. 8:23-cv-1484

DEFENDANT WALGREEN PHARMACY SERVICES MIDWEST, LLC'S NOTICE OF REMOVAL

33.    If any question arises as to the propriety of the removal of this action, Walgreens requests the opportunity to conduct discovery, brief any disputed issues, and present oral argument in favor of its position that this case is properly removable.

Dated:    August 11. 2023          **WILSON TURNER KOSMO LLP**

By:    /s/ *Robin A. Wofford*
ROBIN A. WOFFORD
ELVIRA CORTEZ
SUSAN I. HENDERSON
Attorneys for Defendant
WALGREEN PHARMACY SERVICES
MIDWEST, LLC

DEFENDANT WALGREEN PHARMACY SERVICES MIDWEST, LLC'S NOTICE OF REMOVAL

## **EXHIBITS-TABLE OF CONTENTS**

| **Exhibit Number** | **Description** | **Page Numbers** |
|---|---|---|
| 1. | Summons to Walgreens | 12-13 |
| 2. | Complaint | 14-41 |
| 3. | Civil Case Cover Sheet | 42-44 |
| 4. | Notice of Hearing Case Management Conference | 45-46 |
| 5. | Clerk's Certificate of Service by Mail | 47-48 |
| 6. | Answer | 49-58 |

Case No. 8:23-cv-1484

DEFENDANT WALGREEN PHARMACY SERVICES MIDWEST, LLC'S NOTICE OF REMOVAL